UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-14524-RGS

ANDRES MARTINEZ

v.

TODD BLANCHE, Attorney General

ORDER

October 7, 2026

STEARNS, D.J.

Andres Martinez, an inmate at Federal Medical Center, Devens, in Ayer, Massachusetts, filed a *pro se* "Motion for Review of Final Order of Removal" (hereinafter, "the petition") in the United States Court of Appeals for the First Circuit. *See Martinez v. Blanche*, No. 26-1718 (1st Cir. filed June 16, 2026). On October 5 2026, the appeals court transferred a portion of the petition to the District of Massachusetts so that the district court may determine whether the petition "may be entertained as a habeas petition of some sort and/or whether the petition, in relevant part, may be construed as some other type of filing within the jurisdiction of the district court" *Id.*

The action was randomly assigned to the undersigned, *see* Doc. No. 2, and the petition was entered on the docket as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *See* Doc. No. 1. Petitioner states that "he is

eligible for FSA time credits [and seeks to have them] returned to him a[nd] counted towards his release." *Id.* at 3.

The petition has not been served pending the court's preliminary review of the document. *See McFadden v. Warden, FCI Danbury*, C.A. No. 22-cv-30062-KAR, 2022 WL 1556026, at *2 (D. Mass. May 17, 2022) (explaining that 28 U.S.C. § 2243 provides that if it appears from the application that petitioner is not entitled to relief, the district court is not required to serve the petition on respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Because a federal prisoner who is subject to a final order of removal is ineligible for the application of FSA time credits, *see* 18 U.S.C. § 3632(d)(4)(E)(i), and it is undisputed that Petitioner is subject to a final order of removal, petitioner is not entitled to FSA credits.

Accordingly, it is hereby ORDERED that the petition [Doc. No. 1] is DENIED and this action is DISMISSED. The Clerk shall enter a final order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the District Court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.